# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| GINA CHERWATY, ) | |
| ) | C.A. No. _____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Gina Cherwaty ("Plaintiff"), for her Complaint against Defendant, United States of America, demands a trial on all issues and avers as follows:

### INTRODUCTION

1. This is an action against the United States of America under the Federal Tort Claims Act ("FTCA"), (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for negligence in connection with an auto accident involving Plaintiff and James Hall ("Hall"), an agent or employee of the United States Secret Service ("Secret Service") and Defendant United States of America.

2. The claims herein are brought against Defendant United States of America pursuant to the Federal Tort Claims Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for property damage and personal injuries caused by the negligence of Defendant.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. § 2675 of the FTCA. *Standard Form 95 attached as Exhibit 1.*

4. The suit has been timely filed, in that Plaintiff has timely served notice of her claim on the Secret Service less than two years after the incident forming the basis of this suit.

5. Plaintiff now files this Complaint pursuant to 28 U.S.C. § 2401(b) after receiving the Secret Service's February 14, 2018 notice of denial of administrative claim. *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is, and at all times relevant hereto was, a resident of Delaware.

7. Defendant United States of America is sued for Plaintiff's property damage and personal injuries caused by the negligent or wrongful acts or omissions of its agent or employee, Hall. Hall was acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Delaware.

8. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

9. Venue is proper under 28 U.S.C. § 1402(b) in that all, or a substantial part, of the acts and omissions forming the basis of these claims occurred in Delaware.

## FACTS

10. On or about October 31, 2016, a motor vehicle operated by Hall ran a red traffic light and collided with several motor vehicles, including one operated by Plaintiff. The collision occurred at the intersection of Lancaster Avenue and Adams Street, in Wilmington, Delaware.

11. At all times pertinent, Hall was an agent or employee of Defendant United States.

12. As a result of the accident, Plaintiff was seriously injured. As a further result of the accident, Plaintiff's vehicle was damaged.

## CLAIM FOR RELIEF: NEGLIGENCE

14. The aforesaid motor vehicle collision and consequent injuries to Plaintiff were proximately caused by the negligence of Defendant, in that Hall, an agent or employee of Defendant United States:

2

(a) Failed to obey a traffic control device, in violation of 21 Del. C. §4107(a);

(b) Failed to stop at a red light and entered an intersection, in violation of 21 Del. C. § 4108(a)(3);

(c) Entered an intersection when he did not have the right of way, in violation of 21 Del. C. § 4131;

(d) Caused a vehicle to move when such movement could not be made with reasonable safety, in violation of 21 Del. C. § 4154;

(e) Drove a vehicle at a speed greater than is reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing, in violation of 21 Del. C. § 4168;

(f) Operated a vehicle in a careless or imprudent manner, without due regard for the road, weather, and traffic conditions then existing, in violation of 21 Del. C. § 4176(a);

(g) Failed to give full time and attention to the operation of a vehicle, or failed to maintain a proper lookout, in violation of 21 Del. C. § 4176(b);

(h) Failed to use a siren or emergency lights when proceeding through a red light, in violation of 21 Del. C. § 4106;

(i) Moved a vehicle when such movement could not be made safely given the traffic conditions then existing; and

(j) Otherwise failed to comply with common law duties of care, control, and lookout.

15. As a result of the aforesaid negligence of Defendant, Plaintiff suffered property damage, bodily injuries, mental anguish and emotional distress, and incurred special damages.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, plus pre and post judgment interest, allowable attorneys' fees, and the costs of this suit.

        CICONTE SCERBA LLC

        */s/ Adam F. Wasserman*
        Adam F. Wasserman, Esquire (#5814)
        1300 King Street
        P.O. Box 1126
        Wilmington, DE 19899
        (302) 658-7101
        *Attorneys for Plaintiff*

        THE FRIEBOTT LAW FIRM, P.A.

        */s/ Frederick S. Freibott*
        Frederick S. Freibott, Esquire
        1711 East Newport Pike
        Wilmington, DE 19804
        (302) 633-9000
        *Attorneys for Plaintiff*