# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| GINA CHERWATY, | ) |
|     Plaintiff, | ) Civil Action No. 18-1196-CFC |
| v. | ) |
| UNITED STATES OF AMERICA, | ) |
|     Defendant. | ) |

## ANSWER

The United States of America ("Defendant"), by and through its attorneys, David C. Weiss, United States Attorney for the District of Delaware, and Jesse S. Wenger, Assistant United States Attorney, hereby answers the Complaint filed by Plaintiff Gina Cherwaty on August 7, 2018.

1.  Paragraph 1 characterizes the nature of Plaintiff's lawsuit as one under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). To the extent a response is deemed required, admitted that Plaintiff's Complaint purports to bring an action against the United States under the FTCA.

2.  Paragraph 2 characterizes Plaintiff's claims as being brought against the Defendant pursuant to the FTCA. To the extent a response is deemed required, admitted that Plaintiff's Complaint purports to assert claims against the United States under the FTCA.

3.  Paragraph 3 contains a legal conclusion regarding Plaintiff's compliance with the FTCA to which no response is required. To the extent a response is deemed required, admitted that Exhibit 1 appears to be a copy of the administrative claim Plaintiff filed with the United States Secret Service prior to initiating this action.

4. Defendant makes no response to the procedural averments regarding service in Paragraph 4. To the extent the allegations are deemed factual in nature by the Court, Defendant admits only that Plaintiff filed an administrative claim with the United States Secret Service on December 8, 2017. Otherwise denied.

5. Admitted that the docket reflects that Plaintiff initiated this action on August 7, 2018, by filing the Complaint. *See* D.I. 1. Admitted that Exhibit 2 to Plaintiff's Complaint is a letter from the United States Secret Service dated February 14, 2018, denying Plaintiff's administrative claim. *See* D.I. 1-1.

6. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6 and therefore denies the same.

7. Admitted that Hall was acting within the course and scope of his employment at all times relevant to this action. Defendant denies any remaining allegations in Paragraph 7.

8. Denied.

9. Admitted.

10. Admitted that a motor vehicle operated by Hall was in a collision that occurred at the intersection of Lancaster Avenue and Adams Street in Wilmington, Delaware on or about October 31, 2016. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 10 and therefore denies the same.

11. Admitted.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 12 and therefore denies the same.

14. Denied.[1]

---

[1] Plaintiff's Complaint does not contain a paragraph 13.

15. Denied.

The paragraph following Paragraph 15 contains Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief in this action.

**Defendant denies any and all averments set forth in the Complaint that are not expressly admitted by Defendant herein.**

## AFFIRMATIVE DEFENSNES

**First Affirmative Defense:**  All of Plaintiff's claims are subject to, and limited by, the FTCA.

**Second Affirmative Defense:**  Defendant, through its employees, its agents, and its servants, acted at all relevant times with due care and diligence, and therefore did not breach any actionable duty owed to Plaintiff.

**Third Affirmative Defense:**  The FTCA's discretionary function exemption, 28 U.S.C. § 2680(a), bars this Court from exercising subject matter jurisdiction over Plaintiff's claims.

**Fourth Affirmative Defense:**  Any negligence of Defendant, its employees, its agents, or its servants was not the cause in fact or proximate cause of the Plaintiff's alleged injuries.

**Fifth Affirmative Defense:**  Plaintiff's alleged injuries were proximately caused by a third party.

**Sixth Affirmative Defense:**  Plaintiff's own culpable conduct or negligence was the sole and/or contributory cause of Plaintiff's alleged injuries, and as such, Plaintiff is either barred from recovery entirely or else her recovery must be reduced proportionately.

**Seventh Affirmative Defense:**  Some of Plaintiff's injuries were pre-existing or would have occurred independently without regard to any alleged negligence by Defendant, its employees, its agents, or its servants.

**Eighth Affirmative Defense:**  Under the FTCA, any recovery is limited to the amount stated in the administrative claim.

**Ninth Affirmative Defense:**  Should Plaintiff obtain a judgment against Defendant, Plaintiff is not entitled to prejudgment interest.

**Tenth Affirmative Defense:**  Plaintiff failed to mitigate her damages.

**Eleventh Affirmative Defense:**  Under the FTCA, attorney fees are limited to 25 percent of any judgment or settlement, and are not to be awarded separately but are to be paid out of the amount of any judgment or settlement.

**Twelfth Affirmative Defense:**  Plaintiff is not entitled to a jury trial in this case.

Defendant reserves the right to assert additional affirmative defenses as facts become available during discovery.

Respectfully submitted,
DAVID C. WEISS

By:  */s/ Jesse S. Wenger*
Jesse S. Wenger
Assistant U.S. Attorney
1313 N. Market Street, Suite 400
Wilmington, DE 19801
(302) 573-6277
Jesse.Wenger@usdoj.gov
*Counsel for Defendant*

Dated:  November 14, 2018